John Shaeffer (SBN 138331)
  jshaeffer@foxrothschild.com
Lena N. Bacani (SBN 213556)
  lbacani@foxrothschild.com
Jeffrey Grant (SBN 218974)
  jgrant@foxrothschild.com
**FOX ROTHSCHILD LLP**
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone:  310-598-4150
Facsimile:   310-556-9828

Counsel for Plaintiff,
DRG-INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRG-INTERNATIONAL, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BACHEM AMERICAS, INC. and PENINSULA LABORATORIES INTERNATIONAL, INC.,<br><br>　　　　　Defendants. | Case No.: _____<br><br>Hon. Judge _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint filed:　　　9/16/15 |

COMPLAINT OF DRG-INTERNATIONAL, INC.

1

Plaintiff DRG INTERNATIONAL, INC. seeks relief against Defendants BACHEM AMERICAS, INC. and PENINSULA LABORATORIES INTERNATIONAL, LLC as follows:

## INTRODUCTION

1.     This is an action for patent infringement brought by DRG INTERNATIONAL, INC. (hereinafter "DRG"), a New Jersey corporation with its principal place of business at 841 Mountain Avenue, Springfield, New Jersey 07081, and which is the exclusive owner of United States patents covering methods and kits for the detection of hepcidin in humans, against Bachem Americas, Inc. (hereinafter "Bachem") and Peninsula Laboratories International, Inc. ("Peninsula") (collectively, "Defendants") for infringement, contributory infringement, and inducement of infringement of those patents.  DRG, by its attorneys, for its Complaint against Defendants alleges that:

## THE PARTIES

2.     Plaintiff DRG is a New Jersey corporation with its principal place of business at 841 Mountain Avenue, Springfield, New Jersey.

3.     On information and belief, defendant Bachem is a California corporation with its principal place of business at 3132 Kishiwa Street, Torrance, California.

4.     On information and belief, defendant Peninsula is a California corporation with its principal place of business at 305 Old Country Road, San Carlos, California.

## JURISDICTION AND VENUE

5.     This cause of action for patent infringement arises under the patent laws of the United States, Title 35, United States Code.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this case involves patent infringement and arises under the laws of the United States, 15 U.S.C. § 1051, *et seq*.

7.     This Court has personal jurisdiction over Bachem and Peninsula because Bachem and Peninsula have each committed acts of infringement within this District, Bachem resides in this District, Bachem and Peninsula conduct business in this District and Peninsula operates a website allowing California residents to directly purchase infringing products by selling antibodies and kits for the detection of hepcidin in humans.

8.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## **BACKGROUND**

9.     DRG manufactures and markets kits for the detection of hepcidin in humans.

10.     On January 22, 2008, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,320,894, titled "Diagnostic Method for Diseases by Screening for Hepcidin in Human or Animal Tissues, Blood or Body Fluids and Therapeutic Uses Therefor" ("the '894 patent"). A true and correct copy of the '894 patent is attached hereto as Exhibit A.

11.     DRG is the assignee of the '894 patent.

12.     The '894 patent covers, among other things, a kit for detecting a disease condition characterized by non-physiological levels of hepcidin.

13.     On August 12, 2008, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,411,048, titled "Diagnostic Method for Diseases by Screening for Hepcidin in Human or Animal Tissues, Blood or Body Fluids and Therapeutic Uses Therefor" ("the '048 patent"). A true and correct copy of the '048 patent is attached hereto as Exhibit B.

14.     DRG is the assignee of the '048 patent.

15.     The '048 patent covers, among other things, a kit for detecting a disease condition characterized by non-physiological levels of hepcidin.

COMPLAINT OF DRG-INTERNATIONAL, INC.

3

16.     On January 19, 2010, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,649,081, titled "Diagnostic Method for Diseases by Screening for Hepcidin in Human or Animal Tissues, Blood or Body Fluids and Therapeutic Uses Therefor" ("the '081 patent"). A true and correct copy of the '081 patent is attached hereto as Exhibit C.

17.     DRG is the assignee of the '081 patent.

18.     The '081 patent covers, among other things, a kit for detecting a level of a hepcidin precursor.

19.     On August 16, 2011, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,998,691, titled "Diagnostic Method for Diseases by Screening for Hepcidin in Human or Animal Tissues, Blood or Body Fluids and Therapeutic Uses Therefor" ("the '691 patent"). A true and correct copy of the '691 patent is attached hereto as Exhibit D.

20.     DRG is the assignee of the '691 patent.

21.     The '691 patent covers, among other things, a method for diagnosing hereditary hemochromatosis or chronic renal insufficiency.

22.     On August 23, 2011, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,003,338, titled "Diagnostic Method for Diseases by Screening for Hepcidin in Human or Animal Tissues, Blood or Body Fluids and Therapeutic Uses Therefor" ("the '338 patent"). A true and correct copy of the '338 patent is attached hereto as Exhibit E.

23.     DRG is the assignee of the '338 patent.

24.     The '338 patent covers, among other things, a method of detecting a level of a hepcidin precursor in a sample from a patient.

25.     On September 13, 2011, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,017,737, titled "Diagnostic Method for Diseases by Screening for Hepcidin in Human or Animal Tissues, Blood or Body Fluids; Monoclonal

COMPLAINT OF DRG-INTERNATIONAL, INC.

Antibodies Specific to Human Hepcidin and Associated Uses Thereof" ("the '737 patent"). A true and correct copy of the '737 patent is attached hereto as Exhibit F.

26.    DRG is the assignee of the '737 patent.

27.    The '737 patent covers, among other things, an isolated antibody that specifically binds to the amino acid sequence of hepcidin peptides.

28.    On November 6, 2012, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,304,197, titled "Diagnostic Method for Diseases by Screening for Hepcidin in Human or Animal Tissues, Blood or Body Fluids and Therapeutic Uses Therefor" ("the '197 patent"). A true and correct copy of the '197 patent is attached hereto as Exhibit G.

29.    DRG is the assignee of the '197 patent.

30.    The '197 patent covers, among other things, a method of detecting a level of a hepcidin precursor in a sample from a patient.

31.    On information and belief, Bachem makes and sells to Peninsula in the United States, among other things, the hepcidin peptide intended for use in the Peninsula kits for the detection of hepcidin in humans.

32.    On its website, Bachem offers for sale Hepcidin-25 (human). A true and correct copy of Bachem's Products webpage is attached hereto as Exhibit H.

33.    On information and belief, Bachem previously made, used, sold and offered for sale in the United States, among other things, antibodies and kits for the detection of hepcidin in humans.

34.    On information and belief, Peninsula makes, uses, sells and offers for sale in the United States, among other things, antibodies and kits for the detection of hepcidin in humans.

35.    On its website, Peninsula offers for sale "Hepcidin-25 (human) - Purified Antiserum; Hepcidin-25 (human) – RIA Kit; Hepcidin-25 (human) – EIA Kit; Peptide Radioimmunassay (RIA) Protocols; and Peptide Enzyme Immunassay

---

COMPLAINT OF DRG-INTERNATIONAL, INC.

(EIA) protocols." A true and correct copy of Peninsula's Products webpage is attached hereto as Exhibit I.

36.   On information and belief, Peninsula has used, sold, and/or offered for sale and continues to use, sell, and/or offer for sale products that infringe, contribute to the infringement, and/or induce the infringement of the DRG patents.

## COUNT I

### (Direct Infringement of the '894 Patent)

37.   DRG incorporates by reference the factual allegations contained in paragraphs 1 through 36 of this complaint, as if fully set forth herein.

38.   On information and belief, Defendants have directly infringed and are continuing to directly infringe the '894 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

39.   A true and correct copy of Peninsula's website dated June 29, 2015 evidencing Peninsula's offering for sale antibodies and kits for the detection of hepcidin in humans is attached hereto as Exhibit I.

40.   On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '894 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '894 patent. A true and correct copy of the product marking is attached as Exhibit J.

41.   On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '894 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '894 patent. A true and correct copy of the DRG letter is enclosed as Exhibit K.

42.   All of the aforementioned infringing acts by Defendants are without the permission, license, or consent of DRG.

COMPLAINT OF DRG-INTERNATIONAL, INC.

43. All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

44. By reason of Defendants' acts of infringement, they have been unjustly enriched.

45. By reason of Defendants' acts of infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '894 patent, in an amount to be determined.

46. As a result of the continuing harm to DRG and the diminution of the value of the '894 patent, DRG has no remedy at law.

## COUNT II

### (Induced Infringement of the '894 Patent)

47. DRG incorporates by reference the factual allegations contained in paragraphs 1 through 46 of this complaint, as if fully set forth herein.

48. On information and belief, Defendants have induced the infringement and are continuing to induce the infringement of the '894 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

49. On information and belief, Defendants intend to cause others to infringe the '894 patent by supplying their customers with infringing products with the knowledge that their customers' actions constitute direct infringement.

50. On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '894 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products) supplied by Defendants.

51. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '894 patent and

COMPLAINT OF DRG-INTERNATIONAL, INC.

DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '894 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

52.    On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '894 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '894 patent.  A true and correct copy of the DRG letter is attached as Exhibit K.

53.    All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

54.    All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

55.    By reason of Defendants' acts of induced infringement, they have been unjustly enriched.

56.    By reason of Defendants' acts of induced infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '894 patent, in an amount to be determined.

57.    As a result of the continuing harm to DRG and the diminution of the value of the '894 patent, DRG has no remedy at law.

## COUNT III

### (Contributory Infringement of the '894 Patent)

58.    DRG incorporates by reference the factual allegations contained in paragraphs 1 through 57 of this complaint, as if fully set forth herein.

59.    On information and belief, Defendants have contributed to the infringement and are continuing to contribute to the infringement of the '894 patent

ACTIVE 31498345v1 09/16/2015

by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

60.     On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '894 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

61.     On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) are a material part of the '894 patent, and are known by Defendant to be especially made or especially adapted for use in infringement of the '894 patent.

62.     On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) have no other substantial non-infringing uses.

63.     On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '894 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '894 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

64.     On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '894 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '894 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

65.     All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

66.     All of the aforementioned infringing acts by Defendants have been, and continues to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendant is enjoined by this Court.

COMPLAINT OF DRG-INTERNATIONAL, INC.

67.     By reason of Defendants' acts of contributory infringement, they have been unjustly enriched.

68.     By reason of Defendants' acts of contributory infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '894 patent, in an amount to be determined.

69.     As a result of the continuing harm to DRG and the diminution of the value of the '894 patent, DRG has no remedy at law.

<u>**COUNT IV**</u>

**(Direct Infringement of the '048 Patent)**

70.     DRG incorporates by reference the factual allegations contained in paragraphs 1 through 69 of this complaint, as if fully set forth herein.

71.     On information and belief, Defendants have directly infringed and are continuing to directly infringe the '048 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

72.     A true and correct copy of Peninsula's website dated June 29, 2015 evidencing Peninsula's offering for sale antibodies and kits for the detection of hepcidin in humans is attached hereto as Exhibit I.

73.     On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '048 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '048 patent. A true and correct copy of the product marking is attached as Exhibit J.

74.     On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '048 patent and DRG's rights therein because, among other things, DRG has sent a letter to

COMPLAINT OF DRG-INTERNATIONAL, INC.

ACTIVE 31498345v1 09/16/2015

Peninsula identifying the '048 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

75.     All of the aforementioned infringing acts by Defendants are without the permission, license, or consent of DRG.

76.     All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

77.     By reason of Defendants' acts of infringement, they have been unjustly enriched.

78.     By reason of Defendants' acts of infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '048 patent, in an amount to be determined.

79.     As a result of the continuing harm to DRG and the diminution of the value of the '048 patent, DRG has no remedy at law.

## COUNT V

### (Induced Infringement of the '048 Patent)

80.     DRG incorporates by reference the factual allegations contained in paragraphs 1 through 79 of this complaint, as if fully set forth herein.

81.     On information and belief, Defendants have induced the infringement and are continuing to induce the infringement of the '048 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

82.     On information and belief, Defendants intend to cause others to infringe the '048 patent by supplying their customers with infringing products with the knowledge that their customers' actions constitute direct infringement.

83.     On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '048 patent by manufacturing, using,

COMPLAINT OF DRG-INTERNATIONAL, INC.

1 │ selling, and/or offering for sale antibodies and kits for the detection of hepcidin in

2 │ humans (products) supplied by Defendants.

3 │     84.    On information and belief, Defendants have committed the

4 │ aforementioned acts of infringement with full knowledge of the '048 patent and

5 │ DRG's rights therein because, among other things, DRG has marked its own kits for

6 │ the detection of hepcidin in humans identifying the '048 patent. A true and correct

7 │ copy of the product marking is enclosed as Exhibit J.

8 │     85.    On information and belief, Defendants have committed the

9 │ aforementioned acts of infringement with full knowledge of the '048 patent and

10 │ DRG's rights therein because, among other things, DRG has sent a letter to

11 │ Peninsula identifying the '048 patent. A true and correct copy of the DRG letter is

12 │ attached as Exhibit K.

13 │     86.    All of the aforementioned infringing acts by Defendants and/or others

14 │ are without the permission, license, or consent of DRG.

15 │     87.    All of the aforementioned infringing acts by Defendants have been,

16 │ and continue to be, willful and deliberate, and DRG believes that such acts will

17 │ continue in the future unless Defendants are enjoined by this Court.

18 │     88.    By reason of Defendants' acts of induced infringement, they have been

19 │ unjustly enriched.

20 │     89.    By reason of Defendants' acts of induced infringement, DRG has

21 │ suffered and will continue to suffer irreparable harm and damages, including, but

22 │ not limited to, lost sales and diminution of the value of the '048 patent, in an

23 │ amount to be determined.

24 │     90.    As a result of the continuing harm to DRG and the diminution of the

25 │ value of the '048 patent, DRG has no remedy at law.

26 │ **<u>COUNT VI</u>**

27 │ **(Contributory Infringement of the '048 Patent)**

28 │

COMPLAINT OF DRG-INTERNATIONAL, INC.

91. DRG incorporates by reference the factual allegations contained in paragraphs 1 through 90 of this complaint, as if fully set forth herein.

92. On information and belief, Defendants have contributed to the infringement and are continuing to contribute to the infringement of the '048 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

93. On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '048 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

94. On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) are a material part of the '048 patent, and are known by Defendant to be especially made or especially adapted for use in infringement of the '048 patent.

95. On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) have no other substantial non-infringing uses.

96. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '048 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '048 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

97. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '048 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '048 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

COMPLAINT OF DRG-INTERNATIONAL, INC.

98.    All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

99.    All of the aforementioned infringing acts by Defendants have been, and continues to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendant is enjoined by this Court.

100.    By reason of Defendants' acts of contributory infringement, they have been unjustly enriched.

101.    By reason of Defendants' acts of contributory infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '048 patent, in an amount to be determined.

102.    As a result of the continuing harm to DRG and the diminution of the value of the '048 patent, DRG has no remedy at law.

## COUNT VII

### (Direct Infringement of the '081 Patent)

103.    DRG incorporates by reference the factual allegations contained in paragraphs 1 through 102 of this complaint, as if fully set forth herein.

104.    On information and belief, Defendants have directly infringed and are continuing to directly infringe the '081 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

105.    A true and correct copy of Peninsula's website dated June 29, 2015 evidencing Peninsula's offering for sale antibodies and kits for the detection of hepcidin in humans is attached hereto as Exhibit I.

106.    On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '081 patent and DRG's rights therein because, among other things, DRG has marked its own kits for

---

COMPLAINT OF DRG-INTERNATIONAL, INC.

the detection of hepcidin in humans identifying the '081 patent. A true and correct copy of the product marking is attached as Exhibit J.

107.   On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '081 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '081 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

108.   All of the aforementioned infringing acts by Defendants are without the permission, license, or consent of DRG.

109.   All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

110.   By reason of Defendants' acts of infringement, they have been unjustly enriched.

111.   By reason of Defendants' acts of infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '081 patent, in an amount to be determined.

112.   As a result of the continuing harm to DRG and the diminution of the value of the '081 patent, DRG has no remedy at law.

## COUNT VIII

### (Induced Infringement of the '081 Patent)

113.   DRG incorporates by reference the factual allegations contained in paragraphs 1 through 112 of this complaint, as if fully set forth herein.

114.   On information and belief, Defendants have induced the infringement and are continuing to induce the infringement of the '081 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

COMPLAINT OF DRG-INTERNATIONAL, INC.

ACTIVE 31498345v1 09/16/2015

115.   On information and belief, Defendants intend to cause others to infringe the '081 patent by supplying their customers with infringing products with the knowledge that their customers' actions constitute direct infringement.

116.   On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '081 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products) supplied by Defendants.

117.   On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '081 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '081 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

118.   On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '081 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '081 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

119.   All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

120.   All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

121.   By reason of Defendants' acts of induced infringement, they have been unjustly enriched.

122.   By reason of Defendants' acts of induced infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '081 patent, in an amount to be determined.

COMPLAINT OF DRG-INTERNATIONAL, INC.

123. As a result of the continuing harm to DRG and the diminution of the value of the '081 patent, DRG has no remedy at law.

## COUNT IX

### (Contributory Infringement of the '081 Patent)

124. DRG incorporates by reference the factual allegations contained in paragraphs 1 through 123 of this complaint, as if fully set forth herein.

125. On information and belief, Defendants have contributed to the infringement and are continuing to contribute to the infringement of the '081 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

126. On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '081 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

127. On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) are a material part of the '081 patent, and are known by Defendant to be especially made or especially adapted for use in infringement of the '048 patent.

128. On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) have no other substantial non-infringing uses.

129. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '081 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '081 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

130. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '081 patent and

COMPLAINT OF DRG-INTERNATIONAL, INC.

ACTIVE 31498345v1 09/16/2015

DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '081 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

131.   All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

132.   All of the aforementioned infringing acts by Defendants have been, and continues to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendant is enjoined by this Court.

133.   By reason of Defendants' acts of contributory infringement, they have been unjustly enriched.

134.   By reason of Defendants' acts of contributory infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '081 patent, in an amount to be determined.

135.   As a result of the continuing harm to DRG and the diminution of the value of the '081 patent, DRG has no remedy at law.

## COUNT X

### (Direct Infringement of the '691 Patent)

136.   DRG incorporates by reference the factual allegations contained in paragraphs 1 through 135 of this complaint, as if fully set forth herein.

137.   On information and belief, Defendants have directly infringed and are continuing to directly infringe the '691 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

138.   A true and correct copy of Peninsula's website dated June 29, 2015 evidencing Peninsula's offering for sale antibodies and kits for the detection of hepcidin in humans is attached hereto as Exhibit I.

COMPLAINT OF DRG-INTERNATIONAL, INC.

139.    On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '691 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '691 patent. A true and correct copy of the product marking is attached as Exhibit J.

140.    On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '691 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '691 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

141.    All of the aforementioned infringing acts by Defendant are without the permission, license, or consent of DRG.

142.    All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

143.    By reason of Defendants' acts of infringement, they have been unjustly enriched.

144.    By reason of Defendants' acts of infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '691 patent, in an amount to be determined.

145.    As a result of the continuing harm to DRG and the diminution of the value of the '691 patent, DRG has no remedy at law.

## COUNT XI

### (Induced Infringement of the '691 Patent)

146.    DRG incorporates by reference the factual allegations contained in paragraphs 1 through 145 of this complaint, as if fully set forth herein.

COMPLAINT OF DRG-INTERNATIONAL, INC.

147.   On information and belief, Defendants have induced the infringement and are continuing to induce the infringement of the '691 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

148.   On information and belief, Defendants intend to cause others to infringe the '048 patent by supplying their customers with infringing products with the knowledge that their customers' actions constitute direct infringement.

149.   On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '691 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products) supplied by Defendants.

150.   On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '691 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '691 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

151.   On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '691 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '691 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

152.   All of the aforementioned infringing acts by Defendant and/or others are without the permission, license, or consent of DRG.

153.   All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

154.   By reason of Defendants' acts of induced infringement, they have been unjustly enriched.

COMPLAINT OF DRG-INTERNATIONAL, INC.

155.   By reason of Defendants' acts of induced infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '691 patent, in an amount to be determined.

156.   As a result of the continuing harm to DRG and the diminution of the value of the '691 patent, DRG has no remedy at law.

## COUNT XII

### (Contributory Infringement of the '691 Patent)

157.   DRG incorporates by reference the factual allegations contained in paragraphs 1 through 156 of this complaint, as if fully set forth herein.

158.   On information and belief, Defendants have contributed to the infringement and are continuing to contribute to the infringement of the '691 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

159.   On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '691 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

160.   On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) are for use in practicing a process patented in the '691 patent.  Further, Defendants' antibodies and kits for the detection of hepcidin in humans (products) are a material part of the '691 patent, and are known by Defendant to be especially made or especially adapted for use in infringement of the '691 patent.

161.   On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) have no other substantial non-infringing uses.

COMPLAINT OF DRG-INTERNATIONAL, INC.

ACTIVE 31498345v1 09/16/2015

162. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '691 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '691 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

163. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '691 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '691 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

164. All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

165. All of the aforementioned infringing acts by Defendants have been, and continues to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendant is enjoined by this Court.

166. By reason of Defendants' acts of contributory infringement, they have been unjustly enriched.

167. By reason of Defendants' acts of contributory infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '691 patent, in an amount to be determined.

168. As a result of the continuing harm to DRG and the diminution of the value of the '691 patent, DRG has no remedy at law.

## COUNT XIII

### (Direct Infringement of the '338 Patent)

169. DRG incorporates by reference the factual allegations contained in paragraphs 1 through 169 of this complaint, as if fully set forth herein.

---

COMPLAINT OF DRG-INTERNATIONAL, INC.

170.  On information and belief, Defendants have directly infringed and are continuing to directly infringe the '338 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

171.  A true and correct copy of Peninsula's website dated June 29, 2015 evidencing Peninsula's offering for sale antibodies and kits for the detection of hepcidin in humans is attached hereto as Exhibit I.

172.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '338 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '338 patent. A true and correct copy of the product marking is attached as Exhibit J.

173.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '338 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '338 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

174.  All of the aforementioned infringing acts by Defendants are without the permission, license, or consent of DRG.

175.  All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

176.  By reason of Defendants' acts of infringement, they have been unjustly enriched.

177.  By reason of Defendants' acts of infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '338 patent, in an amount to be determined.

COMPLAINT OF DRG-INTERNATIONAL, INC.

178.  As a result of the continuing harm to DRG and the diminution of the value of the '338 patent, DRG has no remedy at law.

## COUNT XIV

### (Induced Infringement of the '338 Patent)

179.  DRG incorporates by reference the factual allegations contained in paragraphs 1 through 178 of this complaint, as if fully set forth herein.

180.  On information and belief, Defendants have induced the infringement and are continuing to induce the infringement of the '338 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

181.  On information and belief, Defendants intend to cause others to infringe the '338 patent by supplying their customers with infringing products with the knowledge that their customers' actions constitute direct infringement.

182.  On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '338 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products) supplied by Defendants.

183.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '338 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '338 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

184.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '338 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '338 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

COMPLAINT OF DRG-INTERNATIONAL, INC.

ACTIVE 31498345v1 09/16/2015

185.  All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

186.  All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

187.  By reason of Defendants' acts of induced infringement, they have been unjustly enriched.

188.  By reason of Defendants' acts of induced infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '338 patent, in an amount to be determined.

189.  As a result of the continuing harm to DRG and the diminution of the value of the '338 patent, DRG has no remedy at law.

## COUNT XV

### (Contributory Infringement of the '338 Patent)

190.  DRG incorporates by reference the factual allegations contained in paragraphs 1 through 189 of this complaint, as if fully set forth herein.

191.  On information and belief, Defendants have contributed to the infringement and are continuing to contribute to the infringement of the '338 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

192.  On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '338 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

193.  On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) are for use in practicing a process patented in the '338 patent.  Further, Defendants' antibodies and kits for the

COMPLAINT OF DRG-INTERNATIONAL, INC.

detection of hepcidin in humans (products) are a material part of the '338 patent, and are known by Defendant to be especially made or especially adapted for use in infringement of the '338 patent.

194. On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) have no other substantial non-infringing uses.

195. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '338 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '338 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

196. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '338 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '338 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

197. All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

198. All of the aforementioned infringing acts by Defendants have been, and continues to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendant is enjoined by this Court.

199. By reason of Defendants' acts of contributory infringement, they have been unjustly enriched.

200. By reason of Defendants' acts of contributory infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '338 patent, in an amount to be determined.

COMPLAINT OF DRG-INTERNATIONAL, INC.

201.  As a result of the continuing harm to DRG and the diminution of the value of the '338 patent, DRG has no remedy at law.

**COUNT XVI**

**(Direct Infringement of the '737 Patent)**

202.  DRG incorporates by reference the factual allegations contained in paragraphs 1 through 201 of this complaint, as if fully set forth herein.

203.  On information and belief, Defendants have directly infringed and are continuing to directly infringe the '737 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

204.  A true and correct copy of Peninsula's website dated June 29, 2015 evidencing Peninsula's offering for sale antibodies and kits for the detection of hepcidin in humans is attached hereto as Exhibit I.

205.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '737 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '737 patent. A true and correct copy of the product marking is attached as Exhibit J.

206.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '737 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '737 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

207.  All of the aforementioned infringing acts by Defendants are without the permission, license, or consent of DRG.

208.  All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

COMPLAINT OF DRG-INTERNATIONAL, INC.

27

209.  By reason of Defendants' acts of infringement, they have been unjustly enriched.

210.  By reason of Defendants' acts of infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '737 patent, in an amount to be determined.

211.  As a result of the continuing harm to DRG and the diminution of the value of the '737 patent, DRG has no remedy at law.

## COUNT XVII

### (Induced Infringement of the '737 Patent)

212.  DRG incorporates by reference the factual allegations contained in paragraphs 1 through 211 of this complaint, as if fully set forth herein.

213.  On information and belief, Defendants have induced the infringement and are continuing to induce the infringement of the '737 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

214.  On information and belief, Defendants intend to cause others to infringe the '737 patent by supplying their customers with infringing products with the knowledge that their customers' actions constitute direct infringement.

215.  On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '737 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products) supplied by Defendants.

216.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '737 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '737 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

217.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '737 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '737 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

218.  All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

219.  All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

220.  By reason of Defendants' acts of induced infringement, they have been unjustly enriched.

221.  By reason of Defendants' acts of induced infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '737 patent, in an amount to be determined.

222.  As a result of the continuing harm to DRG and the diminution of the value of the '737 patent, DRG has no remedy at law.

## COUNT XVIII

### (Contributory Infringement of the '737 Patent)

223.  DRG incorporates by reference the factual allegations contained in paragraphs 1 through 222 of this complaint, as if fully set forth herein.

224.  On information and belief, Defendants have contributed to the infringement and are continuing to contribute to the infringement of the '737 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

225.  On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '737 patent by manufacturing, using,

COMPLAINT OF DRG-INTERNATIONAL, INC.

ACTIVE 31498345v1 09/16/2015

importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

226.  On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) are a material part of the '737 patent, and are known by Defendant to be especially made or especially adapted for use in infringement of the '737 patent.

227.  On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) have no other substantial non-infringing uses.

228.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '737 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '737 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

229.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '737 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '737 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

230.  All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

231.  All of the aforementioned infringing acts by Defendants have been, and continues to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendant is enjoined by this Court.

232.  By reason of Defendants' acts of contributory infringement, they have been unjustly enriched.

233.  By reason of Defendants' acts of contributory infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but

1  not limited to, lost sales and diminution of the value of the '737 patent, in an amount

2  to be determined.

3      234.  As a result of the continuing harm to DRG and the diminution of the

4  value of the '737 patent, DRG has no remedy at law.

## COUNT XIX

### (Direct Infringement of the '197 Patent)

7      235.  DRG incorporates by reference the factual allegations contained in

8  paragraphs 1 through 234 of this complaint, as if fully set forth herein.

9      236.  On information and belief, Defendants have directly infringed and are

10  continuing to directly infringe the '197 patent by manufacturing, using, selling,

11  and/or offering for sale antibodies and kits for the detection of hepcidin in humans

12  (products).

13      237.  A true and correct copy of Peninsula's website dated June 29, 2015

14  evidencing Peninsula's offering for sale antibodies and kits for the detection of

15  hepcidin in humans is attached hereto as Exhibit I.

16      238.  On information and belief, Defendants have committed the

17  aforementioned acts of infringement with full knowledge of the '197 patent and

18  DRG's rights therein because, among other things, DRG has marked its own kits for

19  the detection of hepcidin in humans identifying the '197 patent. A true and correct

20  copy of the product marking is attached as Exhibit J.

21      239.  On information and belief, Defendants have committed the

22  aforementioned acts of infringement with full knowledge of the '197 patent and

23  DRG's rights therein because, among other things, DRG has sent a letter to

24  Peninsula identifying the '197 patent. A true and correct copy of the DRG letter is

25  attached as Exhibit K.

26      240.  All of the aforementioned infringing acts by Defendants are without

27  the permission, license, or consent of DRG.

28

## COMPLAINT OF DRG-INTERNATIONAL, INC.

241. All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

242. By reason of Defendants' acts of infringement, they have been unjustly enriched.

243. By reason of Defendants' acts of infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '197 patent, in an amount to be determined.

244. As a result of the continuing harm to DRG and the diminution of the value of the '197 patent, DRG has no remedy at law.

## COUNT XX

### (Induced Infringement of the '197 Patent)

245. DRG incorporates by reference the factual allegations contained in paragraphs 1 through 244 of this complaint, as if fully set forth herein.

246. On information and belief, Defendants have induced the infringement and are continuing to induce the infringement of the '197 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

247. On information and belief, Defendants intend to cause others to infringe the '197 patent by supplying their customers with infringing products with the knowledge that their customers' actions constitute direct infringement.

248. On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '197 patent by manufacturing, using, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products) supplied by Defendants.

249. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '197 patent and

COMPLAINT OF DRG-INTERNATIONAL, INC.

DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '197 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

250.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '197 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '197 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

251.  All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

252.  All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendants are enjoined by this Court.

253.  By reason of Defendants' acts of induced infringement, they have been unjustly enriched.

254.  By reason of Defendants' acts of induced infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '197 patent, in an amount to be determined.

255.  As a result of the continuing harm to DRG and the diminution of the value of the '197 patent, DRG has no remedy at law.

## COUNT XXI

### (Contributory Infringement of the '197 Patent)

256.  DRG incorporates by reference the factual allegations contained in paragraphs 1 through 255 of this complaint, as if fully set forth herein.

257.  On information and belief, Defendants have contributed to the infringement and are continuing to contribute to the infringement of the '197 patent

COMPLAINT OF DRG-INTERNATIONAL, INC.

by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

258.  On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '197 patent by manufacturing, using, importing, selling, and/or offering for sale antibodies and kits for the detection of hepcidin in humans (products).

259.  On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) are for use in practicing a process patented in the '197 patent**.**  Further, Defendants' antibodies and kits for the detection of hepcidin in humans (products) are a material part of the '197 patent, and are known by Defendant to be especially made or especially adapted for use in infringement of the '197 patent.

260.  On information and belief, Defendants' antibodies and kits for the detection of hepcidin in humans (products) have no other substantial non-infringing uses.

261.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '197 patent and DRG's rights therein because, among other things, DRG has marked its own kits for the detection of hepcidin in humans identifying the '197 patent. A true and correct copy of the product marking is enclosed as Exhibit J.

262.  On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '197 patent and DRG's rights therein because, among other things, DRG has sent a letter to Peninsula identifying the '197 patent. A true and correct copy of the DRG letter is attached as Exhibit K.

263.  All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of DRG.

COMPLAINT OF DRG-INTERNATIONAL, INC.

264. All of the aforementioned infringing acts by Defendants have been, and continues to be, willful and deliberate, and DRG believes that such acts will continue in the future unless Defendant is enjoined by this Court.

265. By reason of Defendants' acts of contributory infringement, they have been unjustly enriched.

266. By reason of Defendants' acts of contributory infringement, DRG has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '197 patent, in an amount to be determined.

267. As a result of the continuing harm to DRG and the diminution of the value of the '197 patent, DRG has no remedy at law.

## RELIEF SOUGHT:

WHEREFORE, DRG respectfully requests that this Court:

(1)     Rule that Defendants' antibodies and kits for the detection of hepcidin in humans (products) infringe, contribute to the infringement, and/or induce the infringement of the '894, '048, '081, '691, '338, '737 and '197 patents;

(2)     Grant a preliminary and/or permanent injunction against the continued infringement, contributory infringement, and/or induced infringement of the '894, '048, '081, '691, '338, '737 and '197 patents by Defendants and each of their agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with them;

(3)     Order an accounting to determine and assess against Defendants an award to fully compensate DRG for damages arising out of Defendants' infringement, contributory infringement, and/or induced infringement of the '894, '048, '081, '691, '338, '737 and '197 patents;

(4)     Order that this case be deemed exceptional under 35 U.S.C. § 285;

(5)     Award treble damages against Defendants by reason of the willful and deliberate nature of their infringement;

(6)     Award DRG its costs and reasonable attorneys' fees incurred in this action; and

(7)     Grant DRG any such other, further, different, or additional relief as this Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

DRG demands trial by jury on all issues triable to a jury.

Dated:  September 16, 2015                    FOX ROTHSCHILD LLP


By   */s/ John Shaeffer*
     John Shaeffer
     Jeffrey Grant
     Lena N. Bacani
     Attorneys for Plaintiff,
     DRG INTERNATIONAL, INC.

1

## <u>JURY DEMAND</u>

2    Plaintiff DRG INTERNATIONAL, INC. hereby demands a jury on all claims

3  so triable.

4

5  Dated:  September 16, 2015                FOX ROTHSCHILD LLP

6

7                                    By  */s/ Lena N. Bacani*

                                          John Shaeffer
8                                         Lena N. Bacani
                                          Jeffrey Grant
9                                         Attorneys for Plaintiff,
10                                        DRG INTERNATIONAL, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT OF DRG-INTERNATIONAL, INC.